he must be deemed to have acquiesced, as against these sureties, in her claim, that they belonged to her. The sureties had no interest in that question, and were only called on to become bound for her. The libellant had the opportunity to raise the question when it was proposed to bond the property; but to permit him to raise it now as against the sureties would do gross injustice. No decree can be entered against Sarah E. Chapman or her sureties.

## Case No. 7,244.
### JAYCOX v. GREEN.

## Case No. 7,245.
### The JAY GOULD.
[7 Ben. 566.] [1]
District Court, S. D. New York. Jan., 1875.

R. D. Benedict, for libellants.
W. R. Beebe, for claimants.

[1] [Reported by Robert D. Benedict, Esq.. and B. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The libellants, as owners of the three-masted schooner Sarah J. Fort, bring this suit against the ferry-boat Jay Gould, to recover for the damages sustained by them, by means of a collision which occurred between the two vessels, on the 28th of May, 1873. shortly after three o'clock p. m., in the Hudson river, off the city of New York. The schooner was bound up the river, and so was the ferry-boat, the latter being on a trip from her slip in Jersey City to her slip at the foot of 23d street, New York. The ferry-boat struck the port side of the schooner about at right angles, the schooner being, at the time, headed across the river, and the ferry-boat headed up the river.

The libel alleges that the schooner was bound to the foot of 31st street; that she commenced to take in sail, and, while lying with her head to the westward, the wind blowing a full sail breeze from the southwest, she became helpless, drifting with the tide, which was running ebb strong, and was in plain sight of the ferry-boat, it being daylight and the weather clear, and was run into by the ferry-boat; and that the collision was the fault of those in charge of the ferry-boat, in that, among other things, they did not keep a proper lookout, and did not stop and back the boat in time to avoid the schooner, which they could and should have done, and did not change the course of the boat, so as to pass under the stern of the schooner, which they could easily have done, and in otherwise improperly navigating.

The answer sets forth, that, when the ferry-boat was a short distance below 13th street, the pilot and others in charge of her, she then being to the eastward of the middle of the river, and heading up the river towards 23d street, sighted the schooner heading up the river, on a course nearly parallel with the shore and with the course of the ferry-boat, and somewhat ahead of the ferry-boat; that the same course was continued by both vessels until the schooner was nearly opposite the ferry slip at 23d street. the ferry-boat then being a short distance astern, and further out in the stream. heading for the ferry slip; that, when thus navigating, the schooner, without any warning. suddenly luffed up into the wind, heading on a course across the bows of the ferry-boat; that thereupon the engine of the ferry-boat was immediately stopped and reversed, with a view to avoid the collision which appeared imminent, but, notwithstanding every effort was made to avert a collision, the schooner came afoul of the ferry-boat, damaging the ferry-boat; that the ferry-boat was stopped and backed within as short a time as possible after the schooner had luffed up into the wind; and that the collision was the fault of those in charge of the schooner, in that they did not keep a proper lookout. and in that. without any warning or notice, they suddenly threw their vessel into the wind